**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X     NOT FOR PUBLICATION
KAWAN FOOD MANUFACTURING SDN BHD,

Plaintiff,                          REPORT & RECOMMENDATION

- against -                          No. 06-CV-5430 (ERK) (RER)

BENGAL SEA FOODS USA CANADA, INC.,
GREEN-LAKE PRODUCE AND SEAFOOD,
CORP., YAKUB SHEIKH and HENRY UY,

Defendants.
--------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

*[handwritten annotations:]* Order — Upon de novo review, I adopt the recommendation of the U.S. mag, judge — s/Edward R. Korman — ERD J — 12/18/08

INTRODUCTION

In a Memorandum and Order dated July 7, 2008, the Honorable Edward R. Korman

ordered that plaintiff Kawan Food Manufacturing SDN BHD ("Kawan") receive attorneys' fees

and costs to "deter any further violation of the permanent injunction" by Defendants. (*See*

Docket Entry 75.)  Kawan has submitted an accounting for its fees and costs in the amount of

$80,618.82. (*See* Docket Entry 80.)  Defendants argue that the amount sought is excessive and

inadequately detailed. (*See* Docket Entry 82 at 4.)  I have carefully reviewed both parties' briefs

and declarations, and for the reasons specified below respectfully recommend that the Court

award Kawan legal fees and costs in the amount of $60,426.31.

I.    Attorneys' Fees

In the Second Circuit, "[t]he lodestar method is ordinarily the starting point in

determining the amount of fees that may be awarded." *Seitzman v. Sun Life Assurance Co. of*

*Canada, Inc.*, 311 F.3d 477, 487 (2d Cir. 2002) (citation omitted).  Under this method, attorneys'

fees are calculated by taking "the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate." *Pugach v. M&T Morg. Corp.*, 564 F. Supp. 2d 153, 155